# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**JACKIE OSBORNE**                                                           **PLAINTIFF**

**v.**                                                   **CAUSE NO. 1:13CV311-LG-JMR**

**NATIONAL TRUCK FUNDING, LLC,**
**and AMERICAN TRUCK GROUP, LLC**                              **DEFENDANTS**

## ORDER GRANTING IN PART AND DENYING IN
## PART DEFENDANTS' MOTION TO DISMISS

**BEFORE THE COURT** is the Motion to Dismiss with Prejudice to Compel Mandatory Binding Arbitration and/or Alternatively, for Failure to State a Claim upon Which Relief Can Be Granted and/or in Equity for Misconduct and Other Relief [35] filed by National Truck Funding, LLC, and American Truck Group, LLC. The plaintiff Jackie Osborne has filed two responses in opposition to the Motion, and the defendants have filed a reply. After reviewing the submissions of the parties and the applicable law, the Court finds that the Motion to Dismiss should be granted to the extent that the defendants ask the Court to compel arbitration. However, the Court finds that the dismissal should be without prejudice.

## FACTS

Osborne[1] filed this pro se lawsuit against the defendants, alleging breach of contract, fraud/deceit, intentional infliction of emotional distress, defamation, conversion, and negligence. She claims that she rented a 2008 780 Volvo from the

---

[1] Osborne is a resident of Lincoln, California, and the defendants are Nevada limited liability companies. The defendants have provided an affidavit to the Court stating that they have no connection with California.

defendant, American Truck Group, and the transaction was financed by National Truck Funding. She claims that National Truck Funding defaulted on the contract less than ten days later. She also asserts that illegal or stolen license plates were on the vehicle when she purchased it and that the vehicle was not properly registered. She alleges that this caused her to incur fees and storage costs. In addition, she contends that the defendants unlawfully repossessed the vehicle by using "deadly and illegal force" and fraudulent documents. She seeks damages in the amount of $128,582.45.

Osborne and a representative of National Truck Funding signed a Commercial Truck Rental Agreement that provided:

> Arbitration: This will apply to any claim, dispute, or controversy (whether based upon contract or tort: intentional or otherwise: arising out of state or federal constitution, statute, common law, or equity, and whether preexisting, present or future), including initial claims, counter-claims, cross-claims, and third party claims, arising from or relating to this Rental Agreement or the relationships which result from this Rental Agreement, including the validity or enforceability of this arbitration provision and the applicable rules and procedures of the arbitration administration selected at the time the claim is filed. The party initiating the arbitration shall have the right to select one of the following two arbitration administrators: The National Arbitration Forum ("NAF") or The American Arbitration Association ("AAA") . . . .

(Agreement at 6, ECF No. 35-4). The arbitration clause specifically states that it extends to American Truck Group. (*See id.*) A similar arbitration clause was also included in the 50-50 Plan signed by the parties. (Plan at 2, ECF No. 35-3).

Osborne originally filed this lawsuit in the Eastern District of California, but the case was transferred to this Court. The defendants have filed the present

Motion asking the Court to compel arbitration.

## DISCUSSION

The Federal Arbitration Act provides:

> A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2.

In the present case, Osborne argues that the defendants' Motion should be denied, because the defendants have repeatedly ignored her previous efforts to arbitrate her claims. She states, "Even a cursory examination of [the defendants'] previous behavior makes it very clear that [the defendants' have] no intention of bringing this case to arbitration." (Pl.'s Resp. at 4, ECF No. 48).

The Court has not located any authority that would justify denial of the defendants' Motion asking the Court to compel arbitration. Osborne appears to believe that it is the defendants' responsibility to submit her claims to arbitration or to assist her in doing so. However, it is Osborne's responsibility to submit her claims to arbitration. Pursuant to the arbitration clause agreed to by the parties, Osborne must select either the American Arbitration Association (AAA) or the National Arbitration Forum (NAF) and file her claims with that organization. Osborne has not submitted any evidence to the Court indicating that she has done so. Both AAA and NAF have detailed websites that provide instructions for filing a

claim for arbitration. Osborne should consult those organizations for additional information.

## CONCLUSION

For the foregoing reasons, the Court finds that the Motion to Dismiss should be granted to the extent that the defendants ask the Court to compel arbitration.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Motion to Dismiss with Prejudice to Compel Mandatory Binding Arbitration and/or Alternatively, for Failure to State a Claim upon Which Relief Can Be Granted and/or in Equity for Misconduct and Other Relief [35] filed by National Truck Funding, LLC, and American Truck Group, LLC is **GRANTED** to the extent that the defendants seek dismissal so that the Osborne's claims may be submitted to binding arbitration. The Motion is **DENIED** in all other respects. This lawsuit is hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that all other pending motions are **MOOT**.

**SO ORDERED AND ADJUDGED** this the 29th day of December, 2013.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE